# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00138-MR
# (CRIMINAL CASE NO. 1:09-cr-00063-MR-DCK-1)

| | |
|---|---|
| KENNETH LEE GARDNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on: Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255 [Doc. 1], Petitioner's Motion to Amend Motion to Vacate [Doc. 5], and Petitioner's Motion for Extension of Time to respond to the Government's brief. [Doc. 7].

*Pro se* Petitioner Kenneth Lee Gardner seeks relief from his 120-month sentence under 28 U.S.C. § 2255, arguing that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons that follow, the motion to vacate will be denied.

**BACKGROUND**

In 2009, Petitioner pleaded guilty in this Court pursuant to a written Plea Agreement to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Criminal Case No. 1:09-cr-00063-MR-DCK-1 ("CR"), Doc. 56: Judgment].  As part of the Plea Agreement, Petitioner acknowledged that "if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) . . . applies, such provision may be used in determining the sentence."  [CR Doc. 12 at 3: Second Amended Plea Agreement].  Also as part of his agreement, Petitioner agreed to waive his right to appeal or collaterally attack his conviction or sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct.  [Id. at 5].

At sentencing, over Petitioner's objection, this Court found that Petitioner qualified as a career offender under the guidelines, based on his prior drug convictions in New Jersey and North Carolina.  [CR Doc. 68 at 36-44].[1]  The Court sentenced Petitioner to a term of imprisonment of 120

---

[1] Prior to sentencing, the probation officer prepared a presentence report ("PSR"), recommending that Petitioner be sentenced as a career offender under U.S.S.G. § 4B1.1(a), based on Petitioner's five felony convictions for controlled substance offenses: a cocaine offense for which he received a sentence of 10 years' active custody in New Jersey state court, [CR Doc. 19 at ¶ 38], and four different cocaine offenses for which he received sentences of 15 years of active custody, respectively, in North Carolina state court.  [Id. at ¶ 39].

months, which was below the recommended guidelines range of 151-188 months. [Id. at 44, 58]. The Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on August 5, 2011. United States v. Gardner, 441 F. App'x 1002, 1003 (4th Cir. 2011) (unpublished decision).

Petitioner placed the pending motion to vacate in the prison mailing system on May 16, 2016, and it was stamp-filed in this Court on May 20, 2016. In the motion to vacate, Petitioner contends that, in light of Johnson, he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1. In its response, the Government contends that Petitioner waived in his plea agreement the right to bring his Johnson claim; that his claim is procedurally defaulted; and that his claim fails on the merits because he was properly sentenced as a career offender, even in light of Johnson.

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary

hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

**A.   Petitioner's Claim that He Was Improperly Sentenced as a Career Offender under U.S.S.G. § 4B1.1 in light of Johnson v. United States**

The Court begins with a discussion of the Supreme Court's decision in Johnson, which construed one provision of the Armed Career Criminal Act ("ACCA").  The ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).  "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony"

4

definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of Section 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted.

Because the residual clause of the ACCA is identical to the residual clause of the definition of "crime of violence" in the career-offender guideline, Petitioner contends that he was improperly sentenced as a career offender in light of Johnson. See U.S.S.G. § 4B1.2(a). Specifically, Petitioner contends that, when determining that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1, this Court improperly relied on a 1984

5

North Carolina conviction for felony assault with a deadly weapon with intent to kill inflicting serious injury. [Doc. 1 at 5; Doc. 27 at 8].

Assuming without deciding that Petitioner is correct that his 1984 North Carolina assault conviction is now infirm, Petitioner is not entitled to relief under Johnson because he was properly sentenced as a career offender based on his prior drug convictions. "[E]ither a crime of violence or a controlled substance offense" may qualify as a predicate offense under the career-offender guideline. U.S.S.G. § 4B1.1 (emphasis added). At sentencing, this Court determined that Petitioner was a career offender based on his multiple controlled-substance offenses, not based on his prior assault conviction. [CR Doc. 27 at ¶ 24; Doc. 68 at 36-41]. Nothing in Johnson affects the definition of "controlled substance offense" or suggests that this Court's determination of Petitioner's career-offender status based on his prior drug convictions was erroneous. Thus, Petitioner is not entitled to relief under Johnson and his motion to vacate will be denied.

**B.     Petitioner's Motion to Amend the Motion to Vacate**

On July 21, 2016, Petitioner filed a motion to amend the motion to vacate, in which he appears to contend that his due process rights were violated because the documents supporting this Court's determination of Petitioner's career offender status were supplied by the probation officer

instead of the attorney representing the United States, and the prior convictions supporting that status were not charged in a bill of information or admitted in Petitioner's plea agreement. [Doc. 5 at 4].

The amendment of a motion filed under Section 2255 is governed by Rule 15 of the Federal Rules of Civil Procedure. See <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000). Here, Petitioner filed his motion to amend more than one year after his judgment became final. Thus, Petitioner's motion to amend is untimely under the one-year statute of limitations set forth in Section 2255(f). An otherwise untimely amendment, however, may relate back to the date of the original Section 2255 motion if the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). For this Court to find that an otherwise untimely claim relates back, the proposed amended claim must arise from the "same core facts," and the claim may not be dependent on events that are separate both in time and in the substance of the facts upon which the original claims depended. See <u>Mayle v. Felix</u>, 545 U.S. 644, 655-57 (2005). Here, Petitioner's proposed amended claims do not arise out of the "same core facts" as asserted in his original petition raising his <u>Johnson</u> claim, which itself was timely only under Section 2255(f)(3). Thus, Petitioner's proposed

7

amended claims are untimely.[2]  The Petitioner's motion to amend, therefore, will be denied.

### C. Petitioner's Motion For Extension of Time

On August 22, 2016, Petitioner filed a motion requesting an extension of time to respond to the Government's brief it filed in opposition to Petitioner's motion to vacate.  [Doc. 7].  Due to the Court's resolution of Petitioner's motion to vacate, and his motion to amend the motion to vacate, the Petitioner's motion for extension of time will be denied as moot.

### CONCLUSION

For the reasons stated herein, the Petitioner's motions are denied.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the

---

[2] Additionally, as the Government contends, Petitioner's proposed amended claims are also barred by the collateral-attack waiver in his Plea Agreement and by Petitioner's procedural default.  Furthermore, Petitioner's proposed amended claims are wholly without merit.

8

denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DENIED and DISMISSED WITH PREJUDICE**.

2. Petitioner's Motion to Amend Motion to Vacate [Doc. 5] is **DENIED**.

3. Petitioner's Motion for Extension of Time [Doc. 7] is **DENIED as moot**.

4. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 24, 2016

Martin Reidinger
United States District Judge